FULGHAM et al., Appellants,

v.

UNION CENTRAL LIFE INSURANCE COMPANY, Appellee.

[Cite as *Fulgham v. Union Central Life Ins. Co.* (1989), 63 Ohio App.3d 154.]

Court of Appeals of Ohio,
Hamilton County.

No. C–880288.

Decided May 31, 1989.

*Roeller, Roeller & Jameson, Robert K. Roeller* and *Cathy R. Cook,* for appellants Jimmie, Terry, Elease, Elaine and Edwin Fulgham.

*Frost & Jacobs* and *Walter E. Haggerty,* for appellee.

HILDEBRANDT, Presiding Judge.

The plaintiffs-appellants (appellants) appeal from the judgment of the Hamilton County Court of Common Pleas which granted a motion for summary judgment in favor of the defendant-appellee, the Union Central Life Insurance Company (appellee). For the reasons that follow, we affirm the judgment of the court below.

The record discloses that Crystal A. Fulgham (Fulgham) was employed by the University of Cincinnati (University). On May 1, 1981, the appellee issued a group life insurance policy to the University under which the University's employees, including Fulgham, became insured. The instant appellants are the named beneficiaries of the policy as it applies to Fulgham.

On May 12, 1982 Fulgham underwent an elective hemorrhoidectomy at Cincinnati Jewish Hospital.[1] Fulgham was anesthetized for the operation by caudal anesthesia.[2]

At the conclusion of the procedure, Fulgham's vital signs were good,[3] and she was removed from the operating suite to a recovery room on the same floor of the hospital. Upon Fulgham's arrival, the recovery room nurse discovered that Fulgham had no palpable pulse or blood pressure. Immediate efforts to resuscitate Fulgham were successful in restoring her heartbeat, but she never regained consciousness and she expired nine days later.

The Hamilton County Coroner's death certificate states, *inter alia*, that Fulgham's death was caused by:

"I. Immediate cause[:] anoxic encephalopathy following cardiac arrest while under anesthesia following surgery for anal fistula due to or as a consequence of: accident[.]

"II. Other significant conditions: conditions contributing to death but not related to cause given in part I(a) * * * accident * * * [that occurred as a result of] adverse reaction to anesthesia."[4]

---

1. Prior to Fulgham's admission to Jewish Hospital, she executed consent forms for the surgery and the administration of anesthesia.

2. Caudal anesthesia is accomplished by anesthetizing the caudal, or posterior section of the spinal cord.

3. There is evidence in the record that Fulgham's systolic blood pressure fell from 160 to 100 during the twenty-nine-minute operation.

4. At least one expert, Azmyr Boutros, M.D., disagreed with the coroner's opinion. He observed, *inter alia*:

"I don't know. I don't know exactly what happened. She had—she had an episode following anesthesia and surgery while in route between the operating room and the recovery room.
" * * *
"I'm not quite sure that even if the episode was a genuine fullblown cardiac arrest, that this would have been the cause of the encephalopathy. Are you following me?
" * * *
"In other words, it doesn't tally to me. I cannot exclude in my own mind that she had an accident in her head. Cerebral vascular accident, a stroke, something.
" * * * * "

While the foregoing deposition testimony may create a genuine issue of material fact concerning whether Fulgham's death was accidental or the result of some other cause,

Upon notification of Fulgham's death the appellee paid the appellants the primary death benefits prescribed under the group life insurance policy. The appellants thereafter sought additional benefits from the appellee under the accidental death and dismemberment clause of the policy, which provides for double indemnity for accidental death. The policy further asserts the following limitation:

"Limitations.

"A loss that is directly or indirectly a result of one of the following is not a Covered Loss even though it was caused by an accidental bodily injury.
" * * *

"(3) Medical or surgical treatment, except where it is both: (i) treatment of an injury that meets the tests of a Covered Loss; and (ii) treatment performed within 90 days after the injury.
" * * * * "

The appellee denied the appellants' demand for additional benefits under the accidental death provision of the policy *sub judice*, thereby generating the appellants' complaint against the appellee. Following a period of discovery the appellee moved for summary judgment which was granted by the trial court.[5]

From that judgment the appellants bring this timely appeal in which they urge in a single assignment of error that the trial court erred by granting the appellee's motion for summary judgment. We are unpersuaded.

Civ.R. 56(C) reads in pertinent part:

" * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulations and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * * "

Construing the evidence in the cause *sub judice* most strongly in favor of the instant appellants, we hold that they cannot prevail because even if Fulgham died as a result of an accident that occurred sometime during or after the elective hemorrhoidectomy, the medical/surgical procedural limitation clause prevents the appellants from recovering benefits under the accidental death and dismemberment provision of the policy.

---

because of the mandates of Civ.R. 56(C) Fulgham's death shall be considered accidental for purposes of this decision.

**5.** The trial court appropriately denied the appellants' request for it to issue findings of fact and conclusions of law.

Accordingly, we overrule the appellants' single assignment of error and affirm the judgment of the court of common pleas.

*Judgment affirmed.*

UTZ and GORMAN, JJ., concur.